UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GENESIS BROWN and CRAIG SODEN,

    Plaintiffs,

v.                                                           Case No: 6:18-cv-1151-Orl-41TBS

MILLER ENVIRO-CARE, INC., STEVEN
M. MILLER and RACHAEL S. MILLER,

    Defendants.

## REPORT AND RECOMMENDATION

The case comes before the Court on review of Plaintiffs' complaint (Doc. 2) and Defendants' notice of removal (Doc. 1). Plaintiffs, alleged to be "residents" of Florida, sue their employer and supervisors, also alleged to be Florida residents (Doc. 2, ¶¶ 3, 4, 7, 9, 15), seeking damages for claimed intentional infliction of emotional distress (Counts I and II), civil conspiracy (Count III), and unjust enrichment (Counts IV and V). Defendants removed the case to this Court, claiming federal question jurisdiction. On review, it appeared that the Court lacked jurisdiction and an Order to Show Cause why the case should not be remanded was issued (Doc. 5). Defendants have filed their response to that Order (Doc. 12). Now, it is **respectfully recommended** that this case be **REMANDED** to the state court.

Standards of Law

Removal to federal court is governed by 28 U.S.C. § 1441(a), which states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States

for the district and division embracing the place where such action is pending." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.").

The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and must present facts establishing its right to remove. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When the removing defendant fails to do so, the case must be remanded. Williams, 269 F.3d at 1321.

Discussion

Defendants assert that this Court has original jurisdiction over the complaint under 28 U.S.C. § 1331, "because the allegations in the Complaint reflect the claims against defendant[s] are masquerading [as] a [sic] State law or common law causes of action but are actually founded upon the Fair Labor Standards Act of 1938 ("FLSA"), which is a law of the United States." (Doc. 1 at 4). Defendants also claim that the complaint "purports to assert causes of action based upon Title VII of the Civil Rights Act of 1964." Id. Defendants posit that to the extent the claims asserted in the complaint are viewed as state or common law claims, this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a), because significant portions of the claims arise under, are premised upon, and require the interpretation of and application of federal laws and therefore, form part of the same case and controversy.

Removal jurisdiction is determined "based on the plaintiff's pleadings at the time of removal." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997). "[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983) (emphasis original). The Eleventh Circuit has explained:

> **A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint.** See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 11, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983). This is known as the "well-pleaded complaint" rule, because it directs our focus to the terms of the complaint as the plaintiff chooses to frame it. **If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court.** 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3566 (1984).

Kemp v. Int'l Bus. Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997) (emphasis added).

Despite Defendants' contention that Plaintiffs "purport to assert" federal claims, the complaint does not contain any federal claims. Defendants concede that Plaintiffs label their claims as state common law claims but argue: "when you look past the labels applied by Plaintiffs and review their actual allegations, it is evident the Plaintiffs' claims arise under, and are substantially dependent upon, federal laws and the interpretation of those federal laws." (Doc. 12 at 1). Defendants argue that this Court has federal question jurisdiction and jurisdiction under the doctrine of preemption.

*The well-pleaded complaint rule*

A defendant may not remove a case to federal court unless the plaintiff 's complaint establishes that the case "arises under" federal law. Franchise Tax Bd. To "arise under" federal law, "a right or immunity created by the Constitution or laws of the

United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). "The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Id. (internal citations omitted). The Supreme Court has distilled this standard thus: "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72 (2013).

Defendants contend that Plaintiffs' complaint meets these requirements as it references Title VII of the Civil Rights Act and the FLSA, and "Plaintiffs' claims against Defendants can only be adjudicated by application of the[se] federal laws." (Doc. 12 at 3). In support, Defendants cite the following allegations in the complaint:

> 1) "… SM was the alter ego of Miller, Inc. or alternatively SM and RSM were the alter egos of Miller. Inc." [¶14, Cmplt.]
>
> 2) "…, Plaintiffs were employees of Miller, Inc. as defined by 28 USC §203(e)(1)[1] [sic] and Florida law." [¶15, Cmplt.]
>
> 3) "…, Defendants were bound by 28 USC §206 and 207 [sic] in paying or compensating Plaintiffs for their work at Miller, Inc. since Plaintiffs did not meet the criteria for the exceptions under 28 USC §213(a)(1) [sic]." [¶16, Cmplt.]

---

[1] Defendants assume this is a typographical error and Plaintiffs meant to refer to Title 29 relating to federal labor laws (Doc. 12, n. 1).

- 4 -

4) "…These events took place not only in Florida, but Alabama, North Carolina, Ohio and Texas, as well." [¶26, Cmplt.]

5) "…, Defendants created a hostile and toxic work environment for GB." [¶28, Cmplt.]

6) "…, Defendants created a hostile and toxic work environment for CS." [¶34, Cmplt.]

7) "…, Defendants acted together to violate various federal laws, rules and regulations, as well as state laws, including, but not limited to the Fair Labor Standards Act (FLSA) and U.S. Department of Labor (DOL) regulations at 29 USC §201, et. seq., and Chapters 376 and 448 of Florida Statutes." [¶39, Cmplt.]

8) "The Defendants … used a variety of nefarious ways and means to routinely and systematically violate the preceding federal and state authority…" [¶41, Cmplt.]

9) "Thousands of hours of time, effort and labor for which he was not paid as required by 28 USC §203, et. seq. [sic]." [¶46(b), Cmplt.]

Based on these allegations, Defendants argue that Plaintiffs' claims require adjudication of whether Plaintiffs are employees as defined by 29 U.S.C. § 203, whether Defendants are controlled by 29 U.S.C. §§ 206 and 207, whether Defendants violated the wage requirements of 29 U.S.C. § 206, whether a hostile work environment was created in violation of Title VII, and whether Defendants' actions were generally violations of the FLSA and Title 29 of the United States Code. Defendants claim that these are substantial issues, which are actually disputed, and capable of resolution in this Court without disrupting the federal-state balance. Defendants' contention does not withstand scrutiny.

Some of the cited allegations do not purport to address matters that are particularly federal. The concept of "alter ego" and the reference to several states are not "necessarily raised federal issues." And, with respect to the allegations that specifically mention a federal law, the Court cannot presume that the reference to a federal statute

contained within a claim that is plainly designated as arising under common law is, itself, sufficient to convert a state law cause of action into a federal statutory one. See Madzimoyo v. The Bank of New York Mellon Tr. Co., 440 F. App'x 728, 730 (11th Cir. 2011) ("'[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction,' even where the interpretation of federal law may constitute an element of the state cause of action.") (internal citation omitted). A look at Plaintiffs' claims illustrates the point.

In Counts I and II, each Plaintiff (respectively) asserts a claim for intentional infliction of emotional distress. Under Florida law, to state a cause of action for intentional infliction of emotional distress, a plaintiff must allege that: "1) the defendant acted recklessly or intentionally; 2) the defendant's conduct was extreme and outrageous; 3) the defendant's conduct caused the plaintiff's emotional distress; and 4) plaintiff's emotional distress was severe." Johnson v. Thigpen, 788 So. 2d 410, 412 (Fla. 1st DCA 2001). No federal right is an essential element of this cause of action. Gully. Nor are the allegations quoted above enough to convert this claim into a Title VII hostile environment claim. To establish a hostile work environment claim, a plaintiff must show that: (1) plaintiff belongs to a protected group; (2) plaintiff has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for such environment under a theory of either vicarious or direct liability. Alhallaq v. Radha Soami Trading, LLC, 484 F. App'x 293, 295 (11th Cir. 2012). As Defendants acknowledge: "Neither of the Plaintiffs allege they are a member of a protected group or that Defendants harassed them based on their membership in such a

group." (Doc. 4 at 7). Rather, the claims are based on the specific conduct set forth in each count. Consequently, Plaintiffs' claims in Counts I and II of their complaint do not arise under federal law.

Count III is a claim for civil conspiracy to deprive Plaintiffs "of money, commissions, wages, earnings, social security benefits and interest, et al." (Doc. 2 at 10). "In Florida, a civil conspiracy requires: '(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.'" Fuller v. Mortg. Elec. Registration Sys., Inc., 888 F. Supp. 2d 1257, 1273 (M.D. Fla. 2012), quoting Eagletech Comm., Inc. v. Bryn Mawr Inv. Grp., Inc., 79 So.3d 855, 863 (Fla. 4th DCA 2012) (internal quotations omitted). See also Blatt v. Green, Rose, Kahn & Piotrkowski, 456 So.2d 949, 950 (Fla. 3d DCA 1984) ("The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff."). While the allegations do mention various federal "as well as state laws," the overt acts alleged are not necessarily violations of the FLSA and include acts which do not involve federal law, such as:

> a. Deducting two hundred fifty dollars ($250.00) per week for three weeks from CS's paychecks as "reimbursement" for damage done to a company truck in August 2017 despite no fault by CS.
>
> g. Improperly deducting money from CS and GB's paychecks at Defendants' whim. For example, Defendants deducted One Hundred Dollars ($100.00) per week from CS's paycheck due to a bill from a creditor/supplier, Nextraq, that CS had inadvertently failed to pay while he was handling administrative duties at Miller, Inc.

> h. Requiring CS to drive unmarked vehicles while on the job for Miller, Inc. and avoid wearing any shirts, logos, hats, and so forth that would identify him as a Miller, Inc. employee.
>
> l. Requiring CS to assist SM's accountant to create or setup a "dummy corporation" - CTS Services of Central Florida, Inc. (CTS) - through which CS would be paid for his work at or on behalf of Miller, Inc.
>
> J. Requiring CS to write business checks to Miller Inc. 's motor vehicle fleet mechanic, Cam's Auto Repair and Services, for a fictional vehicle service, who, in turn, would issue a check to CTS Services of Central Florida, Inc., which was routed to CS.
>
> m. Forcing or compelling CS to forge documents in order to comply with Florida Department of Agriculture requirements for the initial training of all new employees at Miller, Inc.

(Doc. 2, ¶43). As Defendants acknowledge: "Many of the alleged overt acts are plead in conclusory fashion and would not constitute a violation of the FLSA." (Doc. 4 at 11). As such, it cannot be said that the federal issue is a "central point" of the dispute. Gunn, 568 U.S. 251, 259. Without passing on whether Count III states a viable cause of action under Florida law, I conclude that it does not arise under federal law.

The two remaining counts are for unjust enrichment. Under Florida law, "[a] claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." Virgilio v. Ryland Grp., Inc., 680 F.3d 1329, 1337 (11th Cir. 2012). In Plaintiff Soden's claim (Count IV), he alleges that he provided numerous benefits to Defendants. Some of these "benefits" were directly related to compensation (for example, "Thousands of hours of time, effort and labor for which he was not paid as required by 28 USC §203, et. seq.") (Doc. 2, ¶ 46b). Most, however, do not implicate wages in any way (e.g. ¶ 46a, c, d, f, g: using his own personal vehicle for work related

- 8 -

tasks, payments to Defendants for damage or repair to a company owned vehicle, payments to Defendants as "fines" for allegedly being late to work, misapplication of fertilizer and/or chemicals on customer property, and participation in setting up a dummy corporation and agreeing to accept payment through that entity, allowing Defendants to avoid or reduce federal and state taxes). Plaintiff Brown's allegations include: significant time and effort expended by her resulting in numerous sales to Defendants' customers for which she was not paid sales commissions; significant time and effort expended by her in training Defendants' sales personnel, for which she was not compensated; significant time and effort expended by her on other tasks for which she was not compensated by the Defendants; and the avoidance of federal taxes, state taxes, and Social Security benefits on money Defendants should have paid her (Doc. 2, ¶49).

With the exception of allegation 46(b), these averments do not necessarily raise a federal issue under the FLSA. To the extent any of these allegations speak to not being correctly compensated, "[a]ll that the FLSA requires is that an employee be paid at least the minimum wage for all hours worked, and if no exemption applies, overtime pay for each hour in excess of the statutory minimum." Bolick v. Brevard Cty. Sheriff's Dep't, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996), citing 29 U.S.C. §§ 206-07; and Walling v. A.H. Belo Corp., 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942) (FLSA does not bar employer from paying some wages at lower rate as long as lower rate equals or exceeds minimum wage). Thus, "[a]s a general rule, an employee cannot succeed on a claim under the FLSA if his average wage for a period in which he works no overtime exceeds minimum wage." Bolick, 937 F. Supp. at 1568. See also Perez v. Brands Mart Serv. Corp., No. 10-61203-CIV, 2011 WL 3236022, at *5-6 (S.D. Fla. July 28, 2011) (federal minimum wage provision is not violated so long as the total weekly wage paid by an

employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement). Here, as Defendants note: "Plaintiffs do not attempt to provide any details as to any time period they were not paid, what was owed, or how the Plaintiffs were entitled to additional payments." (Doc. 4 at 11). If, as Defendants argue, these allegations fail to state a cause of action under the FLSA (Doc. 4 at 11), it follows that the FLSA cannot be the "central point" of the dispute. Gunn.

Even allegation 46(b), which comes closest to invoking a federal issue under the FLSA, does not meet the requirements of the well pleaded complaint rule. Importantly, neither Plaintiff seeks a finding that Defendants violated the FLSA, they do not seek FLSA remedies of unpaid overtime, minimum wages, liquidated damages, or attorney's fees. Plaintiffs are the masters of their complaint and where, as here, they cast their claims as arising under state law and do not seek a declaration that a federal right has been violated or claim entitlement to federal remedies, the claim does not arise under federal law. Compare Roman v. Hooters Spring Hill, Inc., No. 816CV01332T24MAP, 2016 WL 8997452, at *2 (M.D. Fla. July 8, 2016) (federal issue presented where a plaintiff "plainly asks the Court to grant her multiple forms of relief under the FLSA, which requires the Court to interpret and apply those federal statutes. ... If Plaintiff wanted to seek relief under only Florida law, she, as the master of her complaint, could have eschewed pursuing relief under the FLSA and done so. She did not; accordingly, the Court has subject matter jurisdiction based on her requests for FLSA relief."). Here, I find that Plaintiffs' complaint does not present federal issues under application of the well pleaded complaint rule.

*Preemption*

Defendants assert that Plaintiffs' claims are preempted by FLSA. As Judge Davis has explained in this context:

> Where state laws collide with federal laws, state law "must yield to the law of Congress ...." Gibbons v. Ogden, 9 Wheat. 1, 22 U.S. 1, 210, 6 L.Ed. 23 (1824). "The well-worn taxonomy of preemption doctrine identifies three categories: (1) express preemption; (2) field preemption; and (3) conflict preemption." Florida State Conference of N.A.A.C.P. v. Browning, 522 F.3d 1153, 1167 (11th Cir.2008). Express preemption occurs when the text of a federal statute manifests the intent to displace a state law. Id. Field preemption exists when a "scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947) (citations omitted). Conflict preemption occurs when compliance with both federal and state law is impossible or when a state law is an obstacle to the objective of a federal law. Browning, 522 F.3d at 1167.

Roberts v. TJX Companies, Inc., No. 3:14-CV-746-J-39MCR, 2015 WL 1064765, at *1 (M.D. Fla. Mar. 11, 2015).

Defendants acknowledge, as they must, that express and field preemption do not apply since the FLSA does not expressly preempt states from enacting similar legislation and states are authorized to enact their own laws relating to minimum wages, overtime and child labor. But, Defendants argue that conflict preemption applies because "Plaintiffs do not allege in their Complaint that they have greater rights afforded to them by a state law or pursuant to a written contract with Defendants" and the complaint "expressly relies upon the protections afforded to Plaintiffs by the FLSA and seeks, among other relief, the federal taxes which were allegedly not paid by Enviro-Care on monies owed to Plaintiffs." (Doc. 12 at 9, citing Bishop v. VIP Transp. Grp., LLC, No. 6:15-cv-2118-Orl-22KRS, 2016 U.S. Dist. LEXIS 109293, at *12 (M.D. Fla. Aug. 2, 2016). Defendants contend that where

- 11 -

plaintiffs merely "recast" their FLSA claims in such a manner for the purpose of filing their claims in state court, rather than federal court, the state claims are preempted by the FLSA (Doc. 12 at 10), citing Johnson v. Wellpoint, Inc., No. 1:06-CV-2430-ODE, 2009 U.S. Dist. LEXIS 132465, at *78-79 (N.D. Ga. Mar. 30, 2009), itself citing Alexander v. Vesta Ins. Grp., Inc., 147 F. Supp. 2d 1223, 1240-41 (N.D. Ala. 2001) (holding that the FLSA preempts plaintiffs' fraud claim, based on defendants' alleged misrepresentations that they were exempt from the FLSA, because plaintiffs were merely recasting their FLSA claims as state law claims in order to obtain additional damages) and Tombrello v. USX Corp., 763 F. Supp. 541, 545 (N.D. Ala. 1991) ("As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim."). These arguments are not well founded.

To the extent Defendants urge conflict because Plaintiffs are not claiming "greater" rights under state law or a contract than those afforded by the FLSA, Defendants assume that Plaintiffs are pursuing a de facto FLSA claim. But, as already noted, Plaintiffs make no claim for relief under the FLSA. This distinguishes the instant case from the complaints in Johnson v. WellPoint, 2009 WL 8753325, at *14 ("*In addition to their FLSA claim*, Plaintiffs have brought state law claims for money had and received / unjust enrichment, intentional infliction of emotional distress, negligence with respect to the determination of whether Plaintiffs are exempt under the FLSA, punitive damages, and attorneys' fees"), Alexander v. Vesta, 147 F. Supp. 2d at 1240 *("in addition to their claims that they are entitled to unpaid overtime compensation under the FLSA,* Plaintiffs bring related claims alleging that Defendants are liable for fraud") and Tombrello v. USX Corp., 763 F. Supp. at 545 ("As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims *in addition to the FLSA claim*.").

Defendants also argue that Plaintiffs' complaint seeks "among other relief, the federal taxes which were allegedly not paid by Enviro-Care on monies owed to Plaintiffs," (citing Doc. 2 ¶¶ 43(l) and 46(b)). But neither cited allegation seeks to recoup federal taxes.[2] Thus, the finding in Bishop that "state law claims brought in order to recover taxes resulting from the misclassification of an employee as an independent contractor are preempted by Federal law" is inopsite. Bishop, 2016 WL 4435700, at *5. Here, I find no basis for Defendants' conclusion that Plaintiffs' state law claims asserted in their complaint are preempted by the FLSA. See Avery v. City of Talladega, Ala., 24 F.3d 1337, 1348 (11th Cir. 1994) ("the district court erred in holding that the FLSA pre-empts a state law contractual claim that seeks to recover wages for time that is compensable under the contract though not under the FLSA"); Roberts, supra (denying motion arguing that FLSA preempts state law causes of actions where a FLSA claim could be brought); Botting v. Goldstein, No. 15-CV-62113, 2015 WL 10324134, at *3 (S.D. Fla. Dec. 21, 2015) ("The FLSA does not preempt alternatively pled unjust enrichment claim"); Fernandez v. City of Fruitland Park, No. 5:16-CV-326-OC-34PRL, 2016 WL 8329400, at *7 (M.D. Fla. Dec. 6, 2016), report and recommendation adopted, No. 5:16-CV-326-OC-34PRL, 2017 WL 735390 (M.D. Fla. Feb. 24, 2017)(denying motion to dismiss state-law claims on FLSA preemption grounds).

As the requirements for federal question jurisdiction have not been met and Defendants have not made a showing as to any other basis for the Court's jurisdiction,[3] I

---

[2] Allegation 43(l) avers, as an act of civil conspiracy, Defendants "improperly classifying or reclassifying Plaintiffs' employment status to reduce payments *to them.*" Allegation 46(b) claims unjust enrichment for "Thousands of hours of time, effort and labor for which he was not paid as required by 28 USC §203."

[3] There is no claim of diversity.

find that this Court does not have subject matter jurisdiction over any claim made in Plaintiffs' complaint. As such, there is no basis for consideration of supplemental jurisdiction under 28 U.S.C. § 1367(a).[4] Consequently, it is **respectfully recommended** that this case be remanded to the state court from whence it came.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on August 8, 2018.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties

---

[4] Even if Plaintiffs had pled a federal claim pled, it is likely that the Court would decline to exercise supplemental jurisdiction over the remaining claims.